UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

ALEX SCRIVANI,

                             Plaintiff,

                                                                     1:24-cv-1158
              v.                                                      (MAD/DJS)

CAPITAL ONE,
*Attn: CFO Andrew Young*,

                             Defendant.
_____

**APPEARANCES:**                          **OF COUNSEL:**

Alex Scrivani, *Pro Se*
Claryville, New York 12725

BALLARD SPAHR LLP               EUGENE R. LICKER, ESQ.
Attorneys for Defendants          LAUREN N. BROWN, ESQ.
1675 Broadway - 19th Floor
New York, New York 10019-5820

**DANIEL J. STEWART**
**United States Magistrate Judge**

## MEMORANDUM-DECISION AND ORDER

     Presently before the Court is Defendant's Motion for a More Definite Statement pursuant to Rule 12(e) of the Federal Rules of Civil Procedure. Dkt. No. 6, Motion. The deadline to respond to Defendant's Motion was December 2, 2024. *Id.* To date, Plaintiff has not responded. For the reasons below, the Court grants Defendant's Motion.

### I. BACKGROUND

     On September 23, 2024, Plaintiff filed his Complaint. Dkt. No. 1. The Complaint is a collection of letters that Plaintiff previously sent to Defendant, a notarized "Durable

- 1 -

Power of Attorney," and a civil cover sheet listing "breach of contract regarding purchase orders" as a cause of action and demanding $99,000.  *See generally* Dkt. No. 1.  In his letters to Defendant, Plaintiff simply requests that Defendant apply Plaintiff's balance to his bank account.  Dkt. No. 1 at pp. 1-3.  The letters indicate only that "[t]hese instructions are non-negotiable."  *Id.*

## II.  LEGAL STANDARD

A motion for a more definite statement may be granted if "a pleading to which a responsive pleading is permitted is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading."  FED. R. CIV. P. 12(e).  Motions pursuant to Rule 12(e) are disfavored and should not be granted "unless the complaint is so excessively vague and ambiguous as to be unintelligible and as to prejudice the defendant seriously in attempting to answer it."  *Bower v. Weisman*, 639 F. Supp. 532, 538 (S.D.N.Y. 1986) (internal quotation marks and citation omitted).  "The purpose of the complaint is to 'inform the defendant as to the general nature of the action and as to the incident out of which a cause of action arose.'"  *Greater N.Y. Auto. Dealers Ass'n v. Envtl. Sys. Testing*, 211 F.R.D. 71, 76 (E.D.N.Y. 2002) (quoting *Bower v. Weisman*, 639 F. Supp. at 538).  Rule 12(e) is "designed to remedy unintelligible pleadings, not merely to correct for lack of detail."  *Kelly v. L.L. Cool J.*, 145 F.R.D. 32, 35 (S.D.N.Y. 1992), *aff'd* 23 F.3d 398 (2d Cir. 1994) (citations omitted).  Therefore, a motion for a more definite statement should be granted only if the complaint is missing a "short and plain statement of the claim showing that the pleader is entitled to relief."  FED. R. CIV. P. 8.

### III.  DISCUSSION

Here, Defendant maintains that "Plaintiff's purported initial pleading is so vague and ambiguous that it does not set forth sufficient information from which Capital One can ascertain Plaintiff's allegations, causes of action, or relief requested."  Motion at pp. 4-5.  The Court agrees.

Plaintiff's civil cover sheet states that this is an action for breach of contract.  Dkt. No. 1 at p. 11.  "A claim for breach of contract must allege, at a minimum, the terms of the contract, each element of the alleged breach and the resultant damages."  *Kaplan v. Aspen Knolls Corp.*, 290 F. Supp. 2d 335, 337 (E.D.N.Y. 2003).  Specifically, "the complaint must plead the terms of the agreement upon which defendant's liability rests."  *Posner v. Minnesota Min. & Mfg. Co.*, 713 F. Supp. 562, 563 (E.D.N.Y. 1989).  "The key elements of a breach of contract claim are: (1) the formation of an agreement via offer, acceptance and consideration; (2) performance by one party; (3) breach of the agreement by the other party; and (4) damages."  *Kaplan v. Aspen Knolls Corp.*, 290 F. Supp. 2d at 337.

Nowhere in Plaintiff's Complaint does he allege any of these elements.  *See generally* Dkt. No. 1.  Instead, the series of letters framed as a complaint merely request that Defendant apply Plaintiff's account balance to his account number without further information.  Dkt. No. 1 at pp. 1-3.  It is unclear whether a contract even exists, yet alone that there was a subsequent breach and resultant damages, as Plaintiff fails to make any allegations whatsoever.  *See id.*  Granting a motion for a more definite statement is appropriate where a plaintiff fails to allege elements of a claim.  *See, e.g., Kelly v. L.L.*

*Cool J.*, 145 F.R.D. at 36 (granting motion for a more definite statement where plaintiff failed to "allege his present ownership of the copyrights at issue"). Where, as here, Plaintiff has failed to allege any element of his claim, the Court finds it appropriate to grant Defendant's Motion.

As guidance to Plaintiff, the Court notes that any statement filed must comply with Federal Rule of Civil Procedure 8 and contain:

> (1) a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support;
>
> (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and
>
> (3) a demand for the relief sought, which may include relief in the alternative or different types of relief.

FED. R. CIV. P. 8(a)(1)-(3). Likewise, Plaintiff must comply with Federal Rule of Civil Procedure 10, requiring that Plaintiff's statement contain **sequentially numbered paragraphs containing only one act of misconduct per paragraph**. FED. R. CIV. P. 10(b). Thus, if Plaintiff claims that a contract was breached on more than one occasion, he should include a corresponding number of paragraphs in his statement for each such allegation, with each paragraph specifying (i) the alleged act of misconduct; (ii) the date, including the year, on which such misconduct occurred; (iii) the names of each and every individual who participated in such misconduct; (iv) where appropriate, the location where the alleged misconduct occurred; and, (v) the nexus between such misconduct and Plaintiff's claim.

Any statement submitted by Plaintiff must set forth all of the claims he intends to assert against Defendant and must demonstrate that a case or controversy exists between the Plaintiff and Defendant which Plaintiff has a legal right to pursue and over which this Court has jurisdiction.  If Plaintiff is alleging that a named defendant violated a law, he should specifically refer to such law.

### IV.  CONCLUSION

Accordingly, it is

**ORDERED** that Defendant's Motion for a More Definite Statement is **GRANTED**; and it is further

**ORDERED** that the statement shall be filed with the Court within **thirty (30)** days from the filing date of this Order; and it is further

**ORDERED** that Defendant shall file a response within **thirty (30)** days following service of Plaintiff's statement; and it is further

**ORDERED** that the Clerk serve a copy of this Memorandum-Decision and Order on the parties in accordance with the Local Rules.

**SO ORDERED.**

Dated:   December 19, 2024
         Albany, New York

_____
Daniel J. Stewart
U.S. Magistrate Judge